UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 23-870

**Caption [use short title]**

**Motion for:** Dismissal of Appeal

Set forth below precise, complete statement of relief sought:

Movants (Defendants-Appellees) respectfully request that, pursuant to Rules 3(a)(2) and 31(c) of the Federal Rules of Appellate Procedure and Rule 31.2(d) of the Local Rules for the Second Circuit, the Court dismiss the appeal due to Plaintiffs-Appellants' failure to timely file their appeal brief.

Griffin et al. v. Sheeran et al.

**MOVING PARTY:** Ed Sheeran, Atlantic Recording Corporation, Sony/ATV Music Publishing LLC   **OPPOSING PARTY:** _____

☐ Plaintiff    ☐ Defendant
☐ Appellant/Petitioner    ☑ Appellee/Respondent

**MOVING ATTORNEY:** Donald S. Zakarin / Pryor Cashman LLP    **OPPOSING ATTORNEY:** _____

[name of attorney, with firm, address, phone number and e-mail]

Donald S. Zakarin; Pryor Cashman LLP
7 Times Square, 40th Floor, New York, NY 10036
(212) 326-0108; DZakarin@pryorcashman.com

**Court- Judge/ Agency appealed from:** United States District Court for the Southern District of New York; Hon. Louis L. Stanton

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain): _____

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☑ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☐ No ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below?   ☐ Yes ☐ No
Has this relief been previously sought in this court?   ☐ Yes ☐ No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested?   ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes ☑ No  If yes, enter date: _____

**Signature of Moving Attorney:**
_____[signature]_____ **Date:** 08/25/2023   Service by: ☑ CM/ECF   ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, (1) Defendant-Appellee Sony/ATV Music Publishing LLC n/k/a Sony Music Publishing (US) LLC ("SATV") identifies its parent corporation(s) and any publicly held company that owns 10% or more of its stock as follows: SATV is a wholly-owned, indirect subsidiary of Sony Corporation, a publicly traded company organized under the laws of Japan, and (2) Defendant-Appellee Atlantic Recording Corporation d/b/a Atlantic Records ("Atlantic") identifies its parent corporation(s) and any publicly held company that owns 10% or more of its stock as follows: Atlantic is a wholly-owned, indirect subsidiary of Warner Music Group Corp. ("WMG"), a Delaware corporation; WMG is a publicly traded company with more than 10% of its stock owned by AI Entertainment Holdings LLC and certain affiliates, which are not publicly traded companies.

UNITES STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| KATHRYN TOWNSEND GRIFFIN, HELEN MCDONALD, THE ESTATE OF CHERRIGALE TOWNSEND, and THE HELEN CHRISTINE TOWNSEND MCDONALD TRUST, dated March 14, 2008<br><br>*Plaintiffs-Appellants*,<br><br>v.<br><br>EDWARD CHRISTOPHER SHEERAN, p/k/a ED SHEERAN, ATLANTIC RECORDING CORPORATION, d/b/a ATLANTIC RECORDS, and SONY/ATV MUSIC PUBLISHING LLC<br><br>*Defendants-Appellees*,<br><br>WARNER MUSIC GROUP CORPORATION, d/b/a ASYLUM RECORDS<br><br>*Defendant*. | Docket #: 23-870<br><br>Appeal From: 17-cv-5221 (LLS) |

**DEFENDANTS-APPELLEES' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS**

*Of Counsel:*
    Donald S. Zakarin
    Ilene S. Farkas
    Andrew M. Goldsmith
    Brian M. Maida

PRYOR CASHMAN LLP
7 Times Square
New York, NY 10036
(212) 421-4100

*Attorneys for Defendants Edward Christopher Sheeran, Atlantic Recording Corporation and Sony/ATV Music Publishing LLC*

Defendants-Appellees Edward Christopher Sheeran p/k/a Ed Sheeran, Atlantic Recording Corporation d/b/a Atlantic Records and Sony/ATV Music Publishing LLC n/k/a Sony Music Publishing (US) LLC (together, "Appellees") respectfully submit this memorandum of law in support of their motion, pursuant to Rules 3(a)(2) and 31(c) of the Federal Rules of Appellate Procedure ("FRAP") and Rule 31.2(d) of the Local Rules and Internal Operating Procedures of the Court of Appeals for the Second Circuit ("Local Rules"), to dismiss the appeal of Plaintiffs-Appellants Kathryn Townsend Griffin, Helen McDonald, The Estate of Cherrigale Townsend and The Helen Christine Townsend McDonald Trust, dated March 14, 2008 (together, "Appellants"), due to Appellants' failure to timely file their appeal brief.

## ARGUMENT

### I. Legal Standard

As the Federal Rules of Appellate Procedure and the Local Rules make clear, an appeal may be dismissed where the appellant fails to file its brief in a timely manner. *See* Fed. R. App. P. 31(c) ("If an appellant fails to file a brief within the time provided by this rule, or within an extended time, an appellee may move to dismiss the appeal."); Local Rule 31.2(d) ("The court may dismiss an appeal or take other appropriate action for failure to timely file a brief or to meet a deadline under this rule"); *see also* FRAP 3(a)(2).

1

This Court routinely dismisses appeals where, as here, an appellant fails to file an appeal brief in a timely manner. *See, e.g.*, *In re Nasdaq Mkt.-Makers Antitrust Litig.*, 189 F.3d 461, 1999 WL 604444, at *1 (2d Cir. 1999) ("Because appellant has refused to file a timely brief, … we exercise our discretion pursuant to Rule 3(a)(2) to dismiss his appeal."); *S.E.C. v. Pittsford Cap. Income Partners, LLC*, 305 F. App'x 694, 695 (2d Cir. 2008) ("Tackaberry has not submitted a brief in his appeal … We therefore exercise our discretion under Rule 3(a)(2) of the Federal Rules of Appellate Procedure and dismiss his appeal.").

## II. Appellants Have Failed To Timely File Their Appeal Brief

As detailed below, considerably more than 40 days have elapsed since the "ready date" for this appeal, and Appellants, in violation of Local Rule 31.2(a)(1)(A), have not filed their appeal brief. Accordingly, this appeal should be dismissed, especially given that this is not the first time Appellants have flouted this Court's Rules.

Local Rule 31.2(a)(1)(A) provides that "[i]f the appellant fails to submit a scheduling request" – and Appellants did not file a scheduling request – "the deadline for its brief is 40 days after the ready date." Because Appellants did not file a certificate "that no transcript will be ordered," and because this is not a FRAP 15 proceeding, the "ready date" for this appeal under Local Rule 31.2(a)(1)(A) corresponds to Appellants' "receipt of the last transcript."

2

The trial underlying this appeal took place from April 24, 2023 through May 4, 2023. On May 12, 2023, Notices of Filing of Official Transcripts for all trial transcripts were filed in the district court, which notices provided that the transcripts had been finalized, subject only to potential redactions, with requests for redactions to be made within 7 days (*i.e.*, on or before May 19, 2023). (ECF 1 at 32-34). In other words, upon payment to the court reporter, Appellants could have promptly procured all of the transcripts underlying this appeal by no later than May 19, 2023.[1]

Despite the foregoing, in their Form D executed on June 13, 2023 – which Appellants filed belatedly on June 29, 2023, only after the Court entered an Order conditionally dismissing their appeal (ECF 23) – Appellants certified that they were "ordering a transcript," and that they had sent their Form D to "the court reporter and ha[d] made satisfactory arrangements with the court reporter for payment of the cost of the transcript." (ECF 25). Accepting that certification at face value, no legitimate explanation exists for Appellants' apparent failure to obtain the trial transcripts and their undisputed failure to file their appeal brief. Indeed, because no redactions were requested, the trial transcripts have been ***publicly available*** and

---

[1] By way of reference, during trial, Appellees had a standing order for trial transcripts and received them promptly, typically later the same night or the next day; Appellees have been in possession of the finalized transcripts since May 2023. (Declaration of Donald S. Zakarin dated August 25, 2023 ("Zakarin Decl."), ¶¶ 3, 5).

3

capable of being downloaded from the district court docket since August 10, 2023. (Zakarin Decl., ¶ 6).

Giving Appellants complete benefit of the doubt and assuming they did not order the transcripts until the date on which they filed their Form D (June 29, 2023) – even though the transcripts have been final since May 19, 2023 at the absolute latest – Appellants should have received the transcripts on or around June 29, 2023. Thus, the latest possible "ready date" for this appeal is June 29, 2023, making Appellants' brief due on August 8, 2023, *i.e.*, 40 days from June 29, 2023. No brief has been filed, and the appeal should be dismissed.

### III. This Is Not The First Time Appellants Have Flouted This Court's Rules

Reinforcing the propriety of dismissing this appeal is the fact that Appellants are recidivist offenders of this Court's Rules.

In particular, as noted above, Appellants also failed to file Form C (Civil Appeal Pre-Argument Statement) and Form D (Civil Appeal Transcript Information Form) in a timely manner. Having filed their Notice of Civil Appeal on June 5, 2023 (ECF 1), Appellants were required, pursuant to Local Rule 12.1(a), to file Form C and Form D by June 19, 2023. They did not do so. Rather, Appellants only filed the required forms on June 29, 2023 (ECF 25-26), after the Court filed an Order conditionally dismissing the appeal as of July 10, 2023 unless Appellants filed the required forms. (ECF 22-23).

4

## **CONCLUSION**

For the foregoing reasons, Appellees respectfully request that this appeal be dismissed pursuant to FRAP 3(a)(2) and 31(c) and Local Rule 31.2(d).

Dated: New York, New York
August 25, 2023

> PRYOR CASHMAN LLP
>
> By: */s/ Donald S. Zakarin*
> Donald S. Zakarin
> dzakarin@pryorcashman.com
> Ilene S. Farkas
> ifarkas@pryorcashman.com
> Andrew M. Goldsmith
> agoldsmith@pryorcashman.com
> Brian M. Maida
> bmaida@pryorcashman.com
> 7 Times Square
> New York, New York 10036-6569
> Telephone: (212) 421-4100
> Facsimile: (212) 326-0806
>
> *Attorneys for Defendants-Appellees Edward Christopher Sheeran, Atlantic Recording Corporation and Sony/ATV Music Publishing LLC*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing memorandum of law complies with FRAP 27 and Local Rule 27, because it contains 986 words. In preparing this certification, I have relied on the word processing software used to prepare this document.

*/s/ Brian M. Maida*
Brian M. Maida

UNITES STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

KATHRYN TOWNSEND GRIFFIN, HELEN MCDONALD, THE ESTATE OF CHERRIGALE TOWNSEND, and THE HELEN CHRISTINE TOWNSEND MCDONALD TRUST, dated March 14, 2008

*Plaintiffs-Appellants*,

v.

EDWARD CHRISTOPHER SHEERAN, p/k/a ED SHEERAN, ATLANTIC RECORDING CORPORATION, d/b/a ATLANTIC RECORDS, and SONY/ATV MUSIC PUBLISHING LLC

*Defendants-Appellees*,

WARNER MUSIC GROUP CORPORATION, d/b/a ASYLUM RECORDS

*Defendant*.

Docket #: 23-870

Appeal From: 17-cv-5221 (LLS)

**DECLARATION OF DONALD S. ZAKARIN IN SUPPORT OF DEFENDANTS-APPELLEES' MOTION TO DISMISS**

I, DONALD S. ZAKARIN, declare as follows:

1. I am a member of Pryor Cashman LLP, counsel for Defendants-Appellees Edward Christopher Sheeran ("Sheeran"), Atlantic Recording Corporation d/b/a Atlantic Records ("Atlantic") and Sony/ATV Music Publishing LLC n/k/a Sony Music Publishing (US) LLC ("SATV," together with Sheeran and Atlantic, "Appellees"). I have personal knowledge of, and am fully familiar with,

the facts set forth in this Declaration, which I respectfully submit in support of Appellees' motion to dismiss this appeal.

2. The trial underlying this appeal, which resulted in a verdict that Sheeran independently created "Thinking Out Loud" and thus Appellees were not liable for copyright infringement, took place from April 24, 2023 through May 4, 2023.

3. During trial, Appellees had a standing order for trial transcripts and received them from the court reporters promptly, typically later that night or the next day.

4. On May 12, 2023, Notices of Filing of Official Transcripts for all trial transcripts were filed in the district court, which notices provided that the transcripts had been finalized, subject only to potential redactions, with requests for redactions to be made within 7 days (*i.e.*, on or before May 19, 2023).

5. Appellees have been in possession of the finalized trial transcripts since May 2023.

6. In fact, the trial transcripts are now publicly available and capable of being downloaded from the district court docket.

7. Because this motion seeks substantive relief, in compliance with FRAP 27(a)(2)(B)(iii), annexed hereto as **Exhibit 1** is a true and correct copy of the district court's judgment.

2

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: August 25, 2023

_____
     DONALD S. ZAKARIN

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
KATHRYN TOWNSEND GRIFFIN, THE ESTATE
OF CHERRIGALE TOWNSEND and THE HELEN
CHRISTINE TOWNSEND MCDONALD TRUST,

                Plaintiffs,

17 **CIVIL** 5221 (LLS)

-against-

**JUDGMENT**

EDWARD CHRISTOPHER SHEERAN, p/k/a ED
SHEERAN, ATLANTIC RECORDING
CORPORATION, d/b/a ATLANTIC RECORDS,
SONY/ATV MUSIC PUBLISHING, LLC, and
WARNER MUSIC GROUP CORPORATION, d/b/a
ASYLUM RECORDS,

                Defendant.
-------------------------------------------------------------X

The issues in the above-entitled action having been brought on for trial before the Honorable Louis L. Stanton, United States District Judge, and a jury on April 24, 2023; The Court having reserved its decision on Defendants' Fed. R. Civ. P. 50 motion for judgment as a matter of law and renewed Rule 50 motion, and at the conclusion of the trial on May 4, 2023, the jury having returned a special verdict in favor of the defendants, it is,

**ORDERED, ADJUDGED AND DECREED:** That the Complaint be and it is hereby dismissed. The renewed Rule 50 motion for judgment as a matter of law is denied as moot.

DATED: New York, New York
            May 5, 2023

**SO ORDERED**

*Louis L. Stanton*
      **USDJ**

**RUBY J. KRAJICK**
Clerk of Court

BY:
Deputy Clerk